UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RIYAD HOSSAIN,

                      Plaintiff,

            - against -

TRANS UNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; and PORTFOLIO RECOVERY
ASSOCIATES,

                      Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-5541 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Riyad Hossain filed this civil action in New York state court on August 31, 2022, alleging violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") and the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW §§ 380 *et seq.* ("NY FCRA"). Defendant Trans Union, LLC ("Trans Union") removed the case to this Court on September 16, 2022, based on federal question jurisdiction. *See* 28 U.S.C. § 1331. On September 17, 2022, this Court ordered Plaintiff and Defendant Trans Union to show cause why this case should not be remanded to state court because Plaintiff had not alleged an injury-in-fact sufficient to establish standing in federal court. (*See* 09/17/2022 Order to Show Cause.) Plaintiff and Defendant Trans Union responded to the show cause order on October 3, 2022, and October 11, 2022, respectively. (Dkts. 7, 15.) Defendants Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") filed a joint letter in response to the show cause order on October 17, 2022. (Dkt. 17.) Defendant Portfolio Recovery Associates, LLC ("PRA") has not entered an appearance in this case. For the reasons explained below, this case is remanded to New York state court.

1

## FACTUAL BACKGROUND[1]

On September 21, 2021, Defendant PRA sent Plaintiff a debt-collection letter related to a consumer debt allegedly incurred by Plaintiff. (Compl., Dkt. 1-2, Ex. B, ¶ 19.) However, the debt collection letter from PRA noted that the "statute of limitations had expired on the PRA account." (*Id.*) In December 2021, Plaintiff sent dispute letters to the credit-reporting-agency Defendants Trans Union, Equifax, and Experian (collectively, the "CRA Defendants") informing each of these agencies that they were reporting the PRA Account on their credit reports for Plaintiff even though the statute of limitations for that account had expired. (*Id.* ¶ 6.) In Plaintiff's letters to each of the CRA Defendants, he wrote: "PLEASE UPDATE THIS ACCOUNT TO STATE [THE] CORRECT STATUTE OF LIMI[T]ATIONS NOTICE AND FIX THE ACCOUNT STATUS. THIS IS MISLEADING ME AND ANYONE WHO REVIEWS MY CREDIT FILE." (*Id.* ¶¶ 26, 30, 34.) Defendants Equifax and Trans Union responded to Plaintiff's letters on January 19, 2022, and January 20, 2022, respectively, informing him that the PRA account on his credit report "was correctly reporting." (*Id.* ¶¶ 27, 35.) Defendant Experian did not respond to Plaintiff's dispute letter. (*Id.* ¶ 31.) On February 8, 2022, Plaintiff sent another round of dispute letters to the CRA Defendants, requesting that they remove the allegedly inaccurate information about his PRA account from his credit reports. (*Id.* ¶¶ 28, 32, 36.) Once again, Experian did not respond to Plaintiff's letter (*id.* ¶ 33), while Trans Union and Equifax denied that the information about Plaintiff's PRA account was outdated and declined to remove the account from Plaintiff's credit reports (*id.* ¶¶ 29, 37).

---

[1] The following facts are drawn from Plaintiff's Complaint. (*See generally* Complaint ("Compl."), Dkt. 1-2, Ex. B.)

Plaintiff initiated this lawsuit in state court on August 31, 2022, alleging that by continuing to include inaccurate information about the PRA account on his credit report, Defendants caused "impediments to [his] ability to seek credit, damage to [his] reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration." (*Id.* ¶ 39; *see also* Dkt. 7 ("Plaintiff filed his complaint in Civil Court of the City of New York, County of King on August 31, 2022.").) Plaintiff further claims that Defendants' actions have "cost, and continue[] to cost, [him] time and effort and expense in pursuit of corrected credit reports." (Compl., Dkt. 1-2, Ex. B, ¶ 41.) Plaintiff seeks "statutory damages, actual damages, costs and reasonable attorneys' fees and punitive damages" for the FCRA violations. (*Id.* ¶¶ 47, 54.)

## PROCEDURAL HISTORY

On September 16, 2022, Defendant Trans Union removed Plaintiff's case to federal court. (Notice of Removal, Dkt. 1.) On September 17, 2022, the Court issued an order directing Trans Union to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction in light of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), which established, in the context of a FCRA action, that "even when a defendant violates a statute such as the FCRA, the plaintiff has not necessarily suffered an injury-in-fact sufficient to establish Article III standing." (09/17/2022 Order to Show Cause.) As this Court has explained, after *TransUnion*, "courts in this Circuit have applied that principle to the types of facts alleged here, and found that plaintiffs have not suffered injuries in fact," and that federal courts therefore did not have jurisdiction over plaintiffs' federal law claims. (*Id.*)

On October 3, 2022, and October 11, 2022, Plaintiff and Defendant Trans Union filed their respective responses to the Court's show cause order. (Dkts. 7, 15.) In his response, Plaintiff correctly asserted that Defendants "bear[] the burden to show cause why this matter should not be remanded to state court for lack of standing," and stated that he "does not oppose an order

3

remanding this case back to state court." (Dkt. 7.) Defendant Trans Union's response asserted that Plaintiff has sufficiently alleged injury-in-fact to demonstrate standing in federal court. Based on its review of the parties' show-cause submissions, the Court issued a docket order explaining that it disagreed with Trans Union because "there are no allegations of any third party receiving Plaintiff's credit report." (10/13/2022 Order.) Defendants Equifax and Experian filed their joint letter, arguing, like Trans Union, that the case should not be remanded because "Plaintiff's complaint sufficiently pleads injury-in-fact." (Dkt. 17.) The Court again disagrees.

## LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Article III of the Constitution "confines the federal judicial power to . . . 'Cases' and 'Controversies.'" *TransUnion*, 141 S. Ct. at 2203. A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id.* Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims. *Id.*

Prior to *TransUnion*, many courts assumed that, when Congress created a statutory cause of action, a violation of that statute was sufficient to create an injury-in-fact for purposes of establishing Article III standing. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018). In *TransUnion*, however, the Supreme Court made clear that, while "Congress may create causes of action for plaintiffs to sue defendants[,] under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 141 S. Ct. at 2205.

A harm qualifies as "concrete" where it bears "a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts," such as "physical

and monetary harms, along with other traditional tangible harms, [as well as] certain intangible harms, such as reputational harm." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *id.* at 2204). "No concrete harm, no standing," and thus no federal court jurisdiction. *TransUnion*, 141 S. Ct. at 2200. Furthermore, "the party invoking federal jurisdiction"—here, Defendants—"bears the burden of demonstrating . . . standing." *Id.* at 2207.

### DISCUSSION

The CRA Defendants put forth two independent theories of Article III injury: (1) Plaintiff was injured by the CRA Defendants' dissemination of credit reports containing the purportedly inaccurate information; and (2) Plaintiff suffered emotional and economic harm. For the reasons explained below, the Court finds that Plaintiff has not alleged a concrete injury and therefore he does not have Article III standing. Accordingly, the Court lacks subject matter jurisdiction over this matter, and this case must be remanded to state court. 28 U.S.C. § 1447(a), (c) ("In any case removed from a state court," "[i]f at any time before final judgment[,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**I.      Plaintiff has not sufficiently alleged dissemination of inaccurate credit information.**

The Court finds that Plaintiff lacks standing to pursue his claims in federal court, and thus this Court lacks jurisdiction over this action. In *TransUnion*, the Supreme Court explained that "[c]entral to assessing concreteness [of an injury] is whether the asserted harm has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." 141 S. Ct. at 2200. The Supreme Court concluded that the class members in that case for whom the defendants "provided misleading credit reports to third-party businesses" had standing to bring suit in federal court. *Id.*

Here, Plaintiff does not sufficiently allege that any inaccurate credit information has been disseminated to any third party. The Complaint merely states that Plaintiff accessed his own credit

5

report after receiving the debt-collection letter from PRA.  (Compl., Dkt. 1-2, Ex. B, ¶ 21 ("Plaintiff ran his Equifax, Experian, and Trans Union credit reports and noticed that defendant PRA was reporting an inaccurate status, for Plaintiff's PRA account, on Plaintiff's Equifax, Experian, and Trans Union credit reports.").)  Nowhere in the Complaint does Plaintiff name a third-party that has actually received a credit report with the allegedly inaccurate PRA Account information, nor are there any allegations that Plaintiff applied for credit, from which the Court could reasonably conclude that the CRA Defendants had to have disseminated Plaintiff's credit report to a third party.  (*See* 10/13/2022 Order.)  In fact, Plaintiff's Complaint is completely "devoid of any information from which the Court could determine when and how Plaintiff's credit report was shared, who it was shared with, and how Plaintiff learned of the disclosure."  *See Wan v. Trans Union, LLC*, No. 22-CV-115 (PKC) (JRC), 2022 WL 955290, at *2 (E.D.N.Y. Mar. 30, 2022) (remanding a FCRA case for lack of Article III standing).

      The CRA Defendants state that Plaintiff has alleged his credit report was "furnished" or "disseminated" to third parties (*see* Dkt. 15, at 1; Dkt. 17, at 2), but that is incorrect.  For example, Defendant Trans Union points to Plaintiff's statement in his Complaint that he "will explore in discovery the extent to which the inaccurate reporting caused him credit harm in the form of credit denials and/or other adverse actions with respect to existing credit." (Dkt. 15, at 1 (citing Compl., Dkt. 1-2, Ex. B, ¶ 40).)  This statement merely establishes that Plaintiff intends to seek discovery in order to prove damages, and is not an affirmative allegation that his credit report was circulated to a third-party.  Indeed, if anything, it suggests that Plaintiff does not know whether the allegedly inaccurate information was in fact disseminated by the CRA Defendants and whether Plaintiff was actually harmed by any such dissemination.  Defendant Trans Union also mistakenly relies on allegations in the Complaint that (1) "Trans Union has reported and likely continues to report a

6

tradeline for Plaintiff's PRA account showing an inaccurate status,"[2] and (2) "Trans Union is still not reporting the statute of limitations as expired for the PRA account, on Plaintiff's Trans Union credit report." (Dkt. 15, at 1 (quoting Compl., Dkt. 1-2, Ex. B, ¶¶ 25, 35).)  As the Court already noted, these allegations on their face do not mention distribution of Plaintiff's credit report to a third-party.  (*See* 10/13/2022 Order.)  Because there are no other details in the Complaint describing "when and how Plaintiff's credit report was shared, who it was shared with, and how Plaintiff learned of the disclosure," *see Wan*, 2022 WL 955290, at *2, Plaintiff's allegations in paragraphs 25 and 35 are best understood as Plaintiff commenting on what he alone observed when he "ran his Equifax, Experian, and Trans Union credit reports[.]"  (Compl., Dkt. 1-2, Ex. B, ¶ 21.)

In their joint letter responding to the show cause order, Defendants Equifax and Experian similarly assert that "Plaintiff's [state court] complaint sufficiently pleads injury-in-fact."  (Dkt. 17, at 2.)  These Defendants rely primarily on Plaintiff's allegations in paragraph 22 of his complaint that "each CRA Defendant, in turn, continued to report an incorrect, and therefore unverifiable, inaccurate status on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that each CRA Defendant prepared and distributed to third-parties."  (*Id.* (quoting Compl., Dkt. 1-2, Ex. B, ¶ 22.)  However, Defendants Equifax and Experian concede in that same letter that "Plaintiff's allegation [in paragraph 22] that his consumer reports were disseminated to third parties is vague."  (*Id.*)  This concession about the vagueness surrounding Plaintiff's injury allegation is fatal to these Defendants' assertion that Plaintiff has sufficiently alleged Article III standing, given the Supreme Court's admonition that a plaintiff must "have been *concretely harmed* by a defendant's statutory violation" to have Article III standing in

---

[2] "A 'tradeline' refers to a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency."  *Hart v. Simon's Agency Inc.*, No. 19-CV-342 (NAM/ML), 2022 WL 4619863, at *1 (N.D.N.Y. Sept. 30, 2022) (citations omitted).

7

federal court. *TransUnion*, 141 S. Ct. at 2205. The passing reference in paragraph 22 to preparation and distribution of consumer report to third parties, which is based only on "information and belief," is plainly insufficient to establish such concrete harm or injury-in-fact under *TransUnion*.³

Defendants Equifax and Experian further claim that cases in this Circuit applying the Supreme Court's decision in *TransUnion* "support a finding of standing in this case based on the pleadings." (Dkt. 15, at 2.) Yet, these Defendants tellingly do not cite a single case in this circuit where a court found on similar facts—namely, a vague and conclusory allegation based only on "information and belief" that defendants had disseminated an inaccurate credit report to a third party—that a plaintiff had suffered a concrete Article III injury.

Accordingly, Plaintiff has failed to establish Article III standing on the basis of harm resulting from the CRA Defendants' provision or dissemination of Plaintiff's credit reports to third parties.

## II. Plaintiff has not sufficiently alleged emotional or economic injury.

Furthermore, while Plaintiff alleges that he "suffered emotional distress, embarrassment, aggravation, and frustration" due to Defendants' actions (Compl., Dkt. 1-2, Ex. B, ¶ 39), "[a] perfunctory allegation of emotional distress . . . is insufficient to plausibly allege constitutional standing." *Maddox*, 19 F.4th at 66. Here, Plaintiff simply does not "plead enough facts to make

---

³ Defendants Equifax and Experian mistakenly suggest that this Court is applying a more stringent standard than the Second Circuit endorsed in *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018). The Court recognizes that "the pleading standard for constitutional standing[, *i.e.*, Article III standing,] is lower than the standard for a substantive cause of action." *Harry*, 889 F.3d at 110. But here, the Court finds that the single allegation in paragraph 22, which Equifax and Experian acknowledge is "vague" (*see* Dkt. 17, at 2), is "so insubstantial," that it fails to "clearly allege facts demonstrating" a concrete injury-in fact. *Harry*, 889 F.3d at 111, 110.

8

it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief." *Id.* at 65–66 (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)); *see also Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-7089 (GRB) (JMW), 2022 WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022) (finding that plaintiff's "conclusory assertions [of mental and emotional pain] do not confer standing") (internal quotation marks omitted).

Although Plaintiff alleges that the inaccuracy on his credit report "has cost, and continues to cost, [him] time and effort and expense in pursuit of corrected credit reports" (Compl., Dkt. 1-2, Ex. B, ¶ 41), such allegations by themselves also do not constitute concrete injury. *Pollak v. Portfolio Recovery Assoc., LLC*, No. 21-CV-6738 (PKC) (RML), 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (explaining that allegations of spending time and money on mitigation efforts are not sufficiently concrete to confer Article III standing unless they are "'inextricably bound up in a cognizable injury,' such as where a plaintiff faces a sufficient risk of harm[,] and then spends time, money, and effort mitigating that risk") (quoting *Cavazinni v. MRS Assocs.*, No. 21-CV-5087 (ARR) (ST), 2021 5770273, at *7 (E.D.N.Y. Dec. 6, 2021)).

Finally, Plaintiff's allegations that he suffered "impediments to [his] ability to seek credit" also do not show concrete injury. As discussed above, Plaintiff has not alleged that he applied for credit, or put forth any other allegations that suggest the purported impediments "resulted in a materialized injury, or a sufficiently imminent and substantial risk of injury." *Wan*, 2022 WL 955290, at *1 (E.D.N.Y. Mar. 30, 2022) (citing *Maddox*, 19 F.4th at 65). Therefore, Plaintiff's conclusory statement about impediments in seeking credit is insufficient to confer standing. *Id.*

### III. The Court Denies Defendants' Other Requests

Defendants Equifax and Experian further request that "[t]o the extent the Court is unsure whether Plaintiff has suffered actual damages," the Court "should require Plaintiff to take a

9

position whether he has suffered [actual] damages, and if he has, to describe the nature and extent of those damages." (*See* Dkt. 17, at 3.) The Court denies this request, as it is unnecessary to require Plaintiff to take a position on whether he has suffered any damages. Plaintiff has already been given the opportunity to demonstrate the Court's subject matter jurisdiction, but did not proffer any allegations beyond those set forth in the Complaint. (*See* Dkt. 8.)

The Court also denies Defendant Trans Union's request that the Court indicate in any remand order "that Plaintiff has abandoned any claim for actual damages and has conceded Trans Union did not cause him any concrete harm or injury." (*See* Dkt. 15, at 3.) Citing *In re Rezulin Products Liability Litigation*, Defendant Trans Union argues that if the Court does not find that Plaintiff has abandoned his claims for actual damages, "he would be permitted to duplicate proceedings and circumvent a proper removal." (*Id.*) However, the plaintiff in *Rezulin* sought to dismiss the case from federal court without prejudice after it "was removed from state court in Mississippi and transferred [to the Southern District of New York] by the Multidistrict [Litigation] Panel." *In re Rezulin Products Liability Litigation*, No. 00-CV-2843 (LAK), 2002 WL 31002809, at *1 (S.D.N.Y. May 5, 2002). The district court in *Rezulin* denied the plaintiff's attempt to dismiss the case because it was "reasonably obvious that [the] motion [was] an attempt to defeat federal jurisdiction," and therefore allowing the plaintiff to succeed "would undermine the entire [multi-district litigation] concept." (*Id.*) This rationale does not apply here, where it is not "reasonably obvious" to this Court that Plaintiff is attempting to defeat federal jurisdiction by not clearly alleging concrete injury that satisfies the standing standard enunciated in *TransUnion*. Based on his Complaint, it is reasonable to infer that Plaintiff is seeking and intends to prove that he suffered injury from the mere reporting of, or refusal to remove, inaccurate information in his credit reports—whether in the form of mitigation costs or garden variety emotional distress. However,

10

after *TransUnion*, these types of claimed injuries are insufficient to establish Article III standing to proceed in federal court.

## CONCLUSION

For the reasons explained above, this case is remanded to the Supreme Court of the State of New York, County of Kings, under docket number 12296/2022.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 24, 2022
       Brooklyn, New York